**James R. SWANSON, Appellant,**

v.

**Togo D. WEST, Jr., Secretary Of Veterans Affairs, Appellee.**

No. 95–1082.

United States Court of Appeals for Veterans Claims.

Dec. 2, 1999.

Before NEBEKER, Chief Judge, and HOLDAWAY and STEINBERG, Judges.

**ORDER**

PER CURIAM:

The appellant appealed from a March 15, 1995, Board of Veterans' Appeals (Board or BVA) decision that denied entitlement to an effective date earlier than February 24, 1986, for the assignment of a 100% schedular rating for Department of Veterans Affairs (VA) disability compensa-tion for service-connected post-concussion syndrome (PCS) (claim 1), denied an earli-er effective date for the assignment of a 50% schedular rating for service-connected PCS (claim 2), and found that new and material evidence had not been presented to reopen a previously and finally disal-lowed claim for service connection for re-siduals of a neck and back injury (claim 3). Record (R.) at 4. The appeal as to claim 3 was the subject of a joint motion for re-mand to the BVA that the Court granted on December 11, 1996. Mandate as to that claim issued the same day. On De-cember 30, 1998, the Court—concluding that the appellant had not filed a jurisdic-tionally valid Notice of Disagreement as to claim 2—dismissed that claim. Hence, only claim 1 remained before the Court. On June 23, 1999, the Court issued its decision in this appeal. *Swanson v. West,* 12 Vet.App. 442 (1999). Judgment was entered on July 15, 1999, and the mandate as to this remaining claim issued on Sep-tember 14, 1999.

On September 20, 1999, the Secretary informed the Court that the appellant had died on June 22, 1999, and moved to recall the judgment and mandate. The appel-lant's counsel has filed a response in oppo-sition.

■ Both this Court and the U.S. Court of Appeals for the Federal Circuit have held that when a veteran dies his claim dies with him. *See, e.g., Haines v. West,* 154 F.3d 1298 (Fed.Cir.1998), *cert. denied,* 526 U.S. 1016, 119 S.Ct. 1249, 143 L.Ed.2d 347 (1999); *Zevalkink v. Brown,* 102 F.3d 1236, 1243–44 (Fed.Cir.1996), *cert. denied,* 521 U.S. 1103, 117 S.Ct. 2478, 138 L.Ed.2d 988 (1997); *Landicho v. Brown,* 7 Vet.App. 42, 54 (1994). Hence, the Court held in *Landicho* that substitu-tion by a party claiming accrued benefits under 38 U.S.C. § 5121(a) is not permissi-ble in this Court where the appellant is a veteran who dies while the denial by the Board of the veteran's claim for disability compensation under chapter 11 of title 38,

U.S.Code, is pending here on appeal. *See also Zevalkink, supra* (expressly agreeing with this Court's *Landicho* holding). Under such circumstances, this Court held that the appropriate remedy is to vacate the Board decision from which the appeal was taken and to dismiss the appeal. *Landicho,* 7 Vet.App. at 54. This ensures that the Board decision and the underlying VA regional office (RO) decision(s) will have no preclusive effect in the adjudication of any accrued-benefits claims derived from the veteran's entitlements. It also nullifies the previous merits adjudication by the RO because that decision was subsumed in the Board decision. *See Yoma v. Brown,* 8 Vet.App. 298 (1995) (per curiam order) (relying on *Robinette v. Brown,* 8 Vet.App. 69, 80 (1995)); *see also Hudgins v. Brown,* 8 Vet.App. 365, 368 (1995) (per curiam order).

 As to the appellant's opposition to the Secretary's motion, the Court has reviewed both those precedents cited in the appellant's motion as well as the general state of the law on the question whether the Court's judgment and mandate should be recalled when an appellant dies prior to issuance of the Court's opinion disposing of his appeal. The Court has found no support for the appellant's position. In view of *Haines, Zevalkink,* and *Landicho,* all *supra,* the inevitable conclusion is that when the Court issued its opinion in this case, on the day after the appellant had died, the case was moot although the Court was not then aware of it. *See Menken v. Atlanta,* 131 U.S. 405, 9 S.Ct. 794, 33 L.Ed. 221 (1889) (mem.) (where appellant died, the Supreme Court held that the cause had abated and dismissed the writ of error). Because this appeal has become moot by virtue of the death of the appellant, the appeal will be dismissed. *See Landicho,* 7 Vet.App. at 53–54.

The situation in this case is arguably different from the question that would be presented had the appellant died *after* the opinion had been issued—either before the judgment, or after the judgment but before the mandate had issued. In that area, *Humphreys v. DEA,* 105 F.3d 112, 113 (3d Cir.1996), cited in the appellant's opposition to the Secretary's motion, concluded: "Because we plainly had jurisdiction over the appeal at the time our opinion was filed, our decision whether to vacate it [in light of the appellant's death after judgment and before issuance of mandate] is discretionary." *Cf. United States v. Zolin,* 491 U.S. 554, 556 n. 3, 109 S.Ct. 2619, 2623 n. 3, 105 L.Ed.2d 469 (1989) (although criminal investigation was moot due to death of defendant, IRS civil audit was not terminated because "its result could affect the liability of [his] estate").

On consideration of the foregoing, it is

ORDERED that the Secretary's motion is granted and that the Court's judgment and mandate are recalled. It is further

ORDERED that the opinion issued on June 23, 1999, is withdrawn. It is further

ORDERED the March 15, 1995, Board decision is VACATED only insofar as it denied entitlement to an effective date earlier than February 24, 1986, for the assignment of a 100% schedular rating for VA disability compensation for service-connected PCS. It is further

ORDERED that this appeal is DISMISSED for lack of jurisdiction.