THIS VERSION INCLUDES THE ERRATA DATED 29MAR01-e

*Designated on March 27, 2001, for publication*

# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 99-1783

WILLIE E. BURLEY,                                          APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS,                    APPELLEE.

Before HOLDAWAY, IVERS, and STEINBERG, *Judges.*

## O R D E R

On November 11, 1999, the appellant filed his appeal to a July 30, 1999, decision of the Board of Veterans' Appeals (BVA) which found, inter alia, that a December 1993 VA regional office (VARO) decision was final. On May 30, 2000, the Court received the appellant's brief in this matter requesting that the Court vacate the BVA decision and remand the case for readjudication.

At dispute in this case, is whether the appellant received notice of the December 9, 1993 VARO decision. The appellant contends that he did not receive the decision, nor was he contacted regarding it. While, the record indicates that the appellant did receive his complete claims file in April 1995, it does not specifically indicate whether the December 1993 decision was included in that file. Neither party has addressed this issue in their briefs to the Court. The appellant should inform the Court whether that notice was in the file and thus part of the record before the Secretary. The Secretary should inform the Court whether, as a matter of routine, such notices would have been in the file.

In addition, counsel for the appellant also argues in his brief that "there is no suggestion in the record [that] the appellant had ever appointed the [Disabled American Veterans (DAV)] as [his] representative . . . ." Counsel made no further mention as to whether the appellant was or was not represented by DAV at the time the December 1993 notice was sent to the appellant. While the record clearly indicates that several notices, including the December 1993 decision, were sent to DAV, it is not clear whether DAV was in fact the appellant's representative at that time. The Court is not sure whether counsel is arguing that DAV was not the appellant's representative at the time the December 1993 decision was originally mailed, or whether we should disregard the notices in the record which were sent to DAV simply because the record contains no agreement as to representation by DAV.

Finally, on November 13, 2000, the Court issued Miscellaneous Order Number 4-00 which provided that any party may, without leave of the Court, file a motion or paper addressing the applicability of the VCAA to the disposition of their appeal. *In re: Veterans Claims Assistance Act of 2000*, 14 Vet.App. Ct.R-2 (Dec. 2000) (en banc order) (citing Rules 25 (c) and 28 (g) of the Court's Rule of Practice and Procedure). Despite a four month window of opportunity to do so, the appellant has failed to submit any additional arguments addressing VCAA applicability to his claim. If the appellant desires to raise VCAA issues, he should take advantage of the opportunity to do so now, or waive any further VCAA claims he may have.

Accordingly, it is

ORDERED that the appellant file and serve on the Secretary, within 30 days after the date of this order, a legal memorandum addressing (1) whether the December 1993 VARO decision was included in the claims filed he received in April 1995; (2) whether he was actually represented by DAV during December 1993 and January 1994; and (3) what effect, if any, his responses to the first two questions have upon his current claim. The Secretary shall file and serve upon the appellant, a response to the appellant's legal memorandum within 30 days after the date of service of such memorandum.

DATED:   March 22, 2001                                    PER CURIAM.

STEINBERG, *Judge*, dissenting: I do not join in the Court's order. Normally, I would defer to any judge who wished additional briefing on a matter pertinent to the disposition of a pending case. Here, however, I cannot see how the Disabled American Veterans' status as representative can bear on the question whether the appellant personally received notice of the December 1993 Department of Veterans Affairs (VA) regional office (RO) decision, or how the Court can find facts in the first instance on the question of whether the appellant received a copy of that VARO decision as part of the claims file he received in April 1995 -- that matter having not yet been addressed by the Board of Veterans' Appeals (BVA), *see Elkins v. Gober*, 229 F.3d 1369, 1377 (Fed. Cir. 2000) ("[f]act-finding in veterans cases is to be done by the expert BVA, not by the Veterans Court"); *Hensley v. West*, 212 F.3d 1255, 1263 (Fed. Cir. 2000) (noting "the general rule that appellate tribunals are not appropriate fora for initial fact finding"); *Neumann v. West*, 14 Vet.App. 12, 21 (2000) (although "the Court may reverse an incorrect judgment of law which is based upon proper factual findings, 'it should not simply [make] factual findings on its own'" (*quoting Hensley*, 212 F.3d at 1263)); *Teten v. West*, 13 Vet.App. 560, 564 (2000). Accordingly, I do not believe that the matters that are the subject of the Court's inquiry are pertinent to the Court's proper disposition of the issue (regarding the finality of the 1993 RO decision) presented by this appeal, which seems to be controlled by the Court's opinion in *Woods v. Gober*, 14 Vet.App. 214 (2000). Finally, I do not agree with the Court's statement about the appellant's being at risk of "waiv[ing] any further VCAA claims he may have."