STEINBERG, Judge,
dissenting:
I do not join in the Court’s order. Normally, I would defer to any judge who wished additional briefing on a matter pertinent to the disposition of a pending case. Here, however, I cannot see how the Disabled American Veterans’ status as representative can bear on the question whether the appellant personally received notice of the December 1993 Department of Veterans Affairs (VA) regional office (RO) decision, or how the Court can find facts in the first instance on the question of whether the appellant received a copy of that VARO decision as part of the claims file he received in April 1995 — that matter having not yet been addressed by the Board of Veterans’ Appeals (BVA), see Elkins v. Gober, 229 F.3d 1369, 1377 (Fed.Cir.2000) (“[f]act-finding in veterans cases is to be done by the expert BVA, not by the Veterans Court”); Hensley v. West, 212 F.3d 1255, 1263 (Fed.Cir.2000) (noting “the general rule that appellate tribunals are not appropriate fora for initial fact finding”); Neumann v. West, 14 Vet.App. 12, 21 (2000) (although “the Court may reverse an incorrect judgment of law which is based upon proper factual findings, ‘it should not simply [make] factual findings on its own’” (quoting Hensley, 212 F.3d at 1263)); Teten v. West, 13 Vet.App. 560, 564 (2000). Accordingly, I do not believe that the matters that are the subject of the Court’s inquiry are pertinent to the Court’s proper disposition of the issue (regarding the finality of the 1993 RO decision) presented by this appeal, which seems to be controlled by the Court’s opinion in Woods v. Gober, 14 Vet.App. 214 (2000). Finally, I do not agree with the Court’s statement about the appellant’s being at risk of “waivfing] any further VCAA claims he may have.”