**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 00-814

GILDA E. LEVI,                                                              APPELLANT,

   V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS,                             APPELLEE.

Before FARLEY, IVERS, and STEINBERG, *Judges.*

**O R D E R**

On October 23, 2001, in a single-judge order, the Court dismissed the appeal of the April 13, 2000, Board of Veterans' Appeals decision after the appellant, through counsel, filed a memorandum in which she withdrew her appeal as to all claims, except a claim of clear and unmistakable error in a February 1958 VA regional office decision over which this Court lacked jurisdiction. On November 14, 2001, the Court received an out-of-time motion for a panel decision. On November 26, 2001, the appellant filed a motion to direct the Clerk to accept for filing the motion for a panel decision. The Court will construe this motion as a motion for leave to file the motion for a panel decision out of time.

On January 4, 2002, this Court received the appellant's Notice of Appeal (NOA) to the United States Court of Appeals for the Federal Circuit (Federal Circuit). Although the appellant purports that her NOA is "conditioned" on this Court ruling unfavorably on her two pending motions, such a "conditional" NOA is not contemplated by the Court's rules.

Because the filing of the NOA seeking review in the Federal Circuit deprives this Court of jurisdiction over this case, *see Sumner v. Principi*, 15 Vet.App. 404 (2002) (en banc order) (dismissing for lack of jurisdiction motion for en banc reconsideration after receiving notice of filing of NOA to Federal Circuit); *Villamor v. West*, 11 Vet.App. 193 (1998) (en banc order); *see also Cerullo v. Derwinski*, 1 Vet.App. 195, 196 (1991) ("filing of an NOA confers plenary jurisdiction upon an appellate court"), the Court does not have jurisdiction to review the appellant's untimely motion for a panel decision or motion for leave. The Court does, of course, have jurisdiction to decide its own jurisdiction. *See Kelsey v. West*, 13 Vet.App. 437 (2000) (per curiam order); *Marsh v. West*, 11 Vet.App. 468, 469 (1998); *Smith (Irma) v. Brown*, 10 Vet.App. 330, 332 (1997).

Upon consideration of the foregoing, it is

ORDERED that the appellant's motions are dismissed for lack of jurisdiction.

DATED:   April 16, 2002                              PER CURIAM.

2