NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ILENE M. RICHARDSON,**
*Claimant-Appellant,*

**v.**

**ROBERT A. MCDONALD,**
**Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2013-7144

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 13-232, Judge William Greenberg.

---

Decided: October 28, 2014

---

KENNETH M. CARPENTER, Carpenter, Chartered, of Topeka, Kansas, argued for claimant-appellant.

SARAH M. VALENTI, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With her on the brief were STUART F. DELERY, Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Director, and MARTIN F. HOCKEY, JR., Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy

Assistant General Counsel, and BRIAN D. GRIFFIN, Attorney, United States Department of Veterans Affairs, of Washington, DC.

––––––––––––

Before O'MALLEY, TARANTO, and CHEN, *Circuit Judges.*

O'MALLEY, *Circuit Judge.*

George T. Richardson, a veteran who served on active duty from June to August 1935 and again from September 1942 to July 1944, died on September 20, 2012, while his claim for benefits was pending before the Board of Veterans' Appeals ("the Board") on remand. Shortly thereafter—on September 26, 2012—the Board dismissed Mr. Richardson's case due to his death. Ilene M. Richardson appealed the Board's decision to the United States Court of Appeals for Veterans Claims ("Veterans Court"). The Veterans Court ordered counsel to show cause why the appeal of the Board's decision should not also be dismissed for want of jurisdiction. In response, counsel argued, among other things, that Mrs. Richardson was entitled to be substituted as appellant in place of her deceased husband pursuant to 38 U.S.C. § 5121A. The Veterans Court dismissed Mrs. Richardson's appeal for lack of jurisdiction. In its decision, the court cited VA Fast Letter 10-30 dated August 10, 2010, which provided that an eligible survivor may file a request with the agency of original jurisdiction to be substituted in place of the original claimant. Mrs. Richardson now appeals from the Veterans Court's dismissal.

After careful consideration, we agree with the Veterans Court that it lacked jurisdiction over Mrs. Richardson's appeal. As counsel for the government conceded at oral argument, however, Mrs. Richardson's timely notice of appeal of the Board's September 26, 2012 decision qualifies as an informal claim for substitution under § 5121A which she is entitled to have adjudicated. Oral

Argument at 13:25-14:10, available at http://www.cafc. uscourts.gov/oral-argument-recordings/2013-7144/all (Q: "Do you regard the notice of appeal that Mrs. Richardson filed as an informal claim or motion for substitution?" . . . A: "It's our position that under *Reeves* it would be an informal claim."); *see Reeves v. Shinseki*, 682 F.3d 988, 993 (Fed. Cir. 2012) ("Because Mrs. Reeves' motion for substitution clearly evinced an intent to obtain the benefits due and payable to her husband as of the date of his death, it qualifies as an informal claim for accrued benefits."); *see also Kelsey v. West*, 13 Vet. App. 437, 438 (Vet. App. 2000) (stating that a notice of appeal, which contained notice of the veteran's death, constituted "an informal, derivative, claim for accrued benefits, which [the surviving spouse] is entitled to have adjudicated"). Upon adjudication of her request, Mrs. Richardson's claim or request for substitution may proceed before the Board without loss of priority. Accordingly, we affirm the decision of the Veterans Court dismissing Mrs. Richardson's appeal.

**AFFIRMED**