**Donald P. SONDEL, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 92–1101.**

United States Court of Veterans Appeals.

Feb. 16, 1994.

Ronald L. Smith was on the pleadings for the appellant.

Mary Lou Keener, Gen. Counsel, Norman G. Cooper, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and John C. Winkfield, Washington, DC, were on the pleadings, for the appellee.

Before FARLEY, MANKIN and STEINBERG, Judges.

MANKIN, Judge:

Donald P. Sondel (appellant) appeals an October 26, 1992, decision of the Board of Veterans' Appeals (BVA or Board) determining, *inter alia*, that clear and unmistakable error (CUE) had not been committed in a 1947 and a 1978 Board determination. The appellant claims the BVA committed CUE in failing to apply 38 U.S.C. §§ 1111, 1153 (presumption of aggravation) (formerly Veterans Regulation No. 1, Part I, paragraphs I(b) and I(d), *as amended by* Pub.L. No. 78–144, 57 Stat. 554–560 (1943)), because he served in the military during a period of war. However, the appellant did not raise this specific CUE issue before the Board, and since this Court therefore lacks jurisdiction to entertain the present appeal, it is dismissed.

## I. Factual Background

The appellant served on active duty from July 1946 to October 1946, during which time he claims a preexisting condition was exacerbated by his military duties. As a result, the appellant claimed service connection, which he was originally denied in February 1947. After several attempts to reopen his claim and consequent denials, the appellant again tried to reopen his claim in July 1986 with new and material evidence and a claim of CUE different from that currently on appeal. After the regional office (RO) issued a confirmed rating decision denial in August 1986, the appellant attempted to submit new and material evidence in 1990. The VA issued another confirmed rating decision again denying the appellant's claim in March 1991. The appellant filed a Notice of Disagreement (NOD) in April 1991. Following protracted proceedings before the VA and the BVA, the Board rendered a decision on October 26, 1992.

In the October 26, 1992, decision, the Board stated the appellant's CUE contention as one driven solely by a claim of erroneous fact. The Board found that the veteran "essentially argues that the RO did not have the correct facts as the Army doctors erroneously attributed his inservice thigh condition to an unsuccessful preservice surgery for the same condition. *There is no allegation by the veteran that the RO failed to apply the correct statutory and regulatory provisions.*" (Emphasis supplied.)

The appellant stated in a February 1991 hearing before the RO that he believed the 1947 decision of the Board contained CUE because "I just feel that the decision was wrong and that it needs to be reversed on the basis of the facts[;] there is no factual basis for the assumptions ... made in those medical reports." In the appellant's Form 1–9 Appeal to the Board of Veterans' Appeals [hereinafter Substantive Appeal], he claimed CUE in prior Board determinations, and attached an explicit statement of the issues he desired the Board to address. In that statement of the issues to be addressed, the appellant notes that "[t]wo facts stand out boldly regarding [the 1947 Board] decision[ ]: ... 1) [the] Appellant had been acting without access to essential/key facts, and ... 2) those decisions have been made on a foundation of error." Pursuant to the appellant's request, a BVA hearing was conducted in September 1991 at which the appellant and his representative testified. They testified at length regarding the facts of the appellant's case, asserting at all times that the 1947 Board decision had been based upon erroneous facts and fact finding. During the hearing, only one reference was made to the laws which the appellant now claims were erroneously applied. However, this reference to 38 C.F.R. § 3.306(b) (1993) (clear and unmistakable evidence required to rebut presumption of wartime service aggravation of preservice injury; regulation implements 38 U.S.C. §§ 1111, 1153) was made in the form of a request for its application, rather than an assertion of error in its prior lack of application. With this exception, the record is completely void of any references to or claims regarding the appellant's current contentions.

## II. Analysis

Our decision in *Russell v. Principi*, 3 Vet.App. 310, 315 (1992) (en banc), is based on the unassailable premise that we do not have jurisdiction to review a claim of CUE unless it has been previously adjudicated by the Board. "The necessary jurisdictional

'hook' for this Court to act is a decision of the BVA on the *specific issue* of 'clear and unmistakable error.'" *Id.* (emphasis supplied). Thus, a claimant may not raise for the first time a specific CUE claim before this Court; such a request is for de novo review "over decisions that are not within our jurisdiction." *Id.* If the specific issue has been fairly raised but the Board has failed to pass on it, this Court will remand the case for consideration of the specific issue. *Id.* If, however, the appellant has failed to raise the specific issue before the Board, the appeal must be dismissed as to that issue because it is improperly and improvidently raised for the first time before this Court. *Id.*

■■■ An appellant's Substantive Appeal to the BVA perfects the filing of the NOD, continues the appeal, and frames the issues to be considered. 38 C.F.R. § 20.202 (1993); *Myers v. Derwinski,* 1 Vet.App. 127, 129 (1991).

> If the Statement of the Case and any prior Supplemental Statements of the Case addressed several issues, the Substantive Appeal must either indicate that the appeal is being perfected as to all of those issues or must specifically identify the issues appealed. The Substantive Appeal should set out specific arguments relating to errors of fact or law made by the agency of original jurisdiction in reaching the determination, or determinations, being appealed.

38 C.F.R. § 20.202. In reviewing an appellant's Substantive Appeal, the Board is not free to give it a narrow construction, but must "review all issues which are reasonably raised from a liberal reading of the appellant's substantive appeal." *Myers,* 1 Vet. App. at 130.

■■ The "liberal reading" requirement does not require the Board to conduct an exercise in prognostication, but only requires consideration of all issues reasonably raised by the appellant's Substantive Appeal. This Court has further extended this principle "to include issues raised in all documents or oral testimony submitted prior to the BVA decision." *EF v. Derwinski,* 1 Vet.App. 324, 326 (1991). Thus, there must be some indication in an appellant's Substantive Appeal, other documents, or oral testimony that he wishes to raise a particular issue before the Board. The indication need not be express or highly detailed; it must only reasonably raise the issue. 38 C.F.R. § 20.202.

■■ While the appellant has raised the issue of CUE before the Board, he did not raise the specific CUE issue presently before this Court. The record amply demonstrates that the appellant claimed that the prior decisions contained CUE regarding the factual determinations that were made. The appellant never made any allegations before his appeal here that prior adjudications failed to apply the wartime veteran's presumption of aggravation, the CUE issue he seeks to present to this Court. The failure of prior adjudications to take this presumption into account is a legal matter, while the appellant's prior CUE claim was entirely fact driven.

### III. Conclusion

Since the appellant has failed to raise the issue of CUE regarding the wartime veteran's presumption of aggravation in his Substantive Appeal, other documents, or oral testimony submitted prior to the Board decision, the appellant's case is DISMISSED.