# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 98-1219

Phillip Andre, Appellant,

v.

Togo D. West, Jr.,
Secretary of Veterans Affairs, Appellee.

Before NEBEKER, *Chief Judge*, and IVERS and GREENE, *Judges*.

## O R D E R

Veteran Phillip Andre, through counsel, appeals a May 7, 1998, Board of Veterans' Appeals (Board or BVA) decision that determined that there was no clear and unmistakable error (CUE) in a June 29, 1973, VA regional office (RO) decision that denied service connection for his schizophrenic reaction. The Court has jurisdiction over the issues raised in the Board decision under 38 U.S.C. §§ 7252(a) and 7266(a). For the following reasons, the Court will affirm the Board's decision and dismiss the appeal as to those matters over which there is no jurisdiction.

Mr. Andre served on active duty in the U.S. Navy from October 14, 1965, to January 19, 1966. Record (R.) at 32. In March 1973, he filed a claim for service connection for a mental disorder. R. at 35-38. In June 1973, the St. Louis, Missouri, RO denied service connection after concluding that the evidence of record indicated that his personality disorder existed prior to service; that it was not aggravated in service; and that it later matured into a psychosis after hospitalization beginning in January 1969. R. at 72-74. Mr. Andre did not appeal that decision.

In August 1992, the Board reopened Mr. Andre's claim. R. at 592-98. Finding an approximate balance in the evidence and expressly relying upon the provisions of 38 U.S.C. § 5107(b), the Board awarded service connection for schizophrenia. *Id*. In September 1992, the RO implemented the Board's August 1992 decision by granting Mr. Andre service connection at 100% disabling, effective June 12, 1990. R. at 600-01.

In March 1995, Mr. Andre, through counsel, filed a claim asserting that CUE was committed in the June 29, 1973, RO decision. R. at 636. He specifically alleged that VA failed in its 38 U.S.C. § 5107 duty to assist him in developing that claim and that "[t]he decision was factually erroneous because it should have allowed service[ ] connection." *Id*. After a May 1995 RO decision determined that the June 1973 decision did not contain CUE (R. at 639-40), Mr. Andre filed, through the same counsel, a Notice of Disagreement (NOD), which specifically stated:

The veteran herewith files his [NOD] with the Rating Decision dated May 2, 1995, and asks for a reconsideration of this decision by the Board of Veteran's [sic] Appeals.

Please issue a Statement of the Case in response to this [NOD] so that the veteran may file a VA Form 9 to perfect his appeal.

R. at 645. The RO issued a Statement of the Case (SOC), which framed the issue: "WHETHER CLEAR AND UNMISTAKABLE ERROR EXISTS IN RATING DECISION OF 6-29-73 FOR NOT GRANTING SERVICE CONNECTION FOR SCHIZOPHRENIC REACTION." R. at 650. In the SOC, the RO discussed Mr. Andre's contentions that the decision was factually erroneous and that VA failed in its duty to assist him. R. at 650-51. In the substantive appeal to the Board, Mr. Andre, again through counsel, averred: "The veteran intends to dispute every statement, allegation or inference contained in the letter and Statement of the Case that is inconsistent with the veteran's position on the issues, or not expressly admitted by the veteran." R. at 656. In the decision here on appeal, the Board found that in the 1973 adjudication, the RO considered all the evidence that was of record at that time and did not commit CUE in its 1973 decision. R. at 2-3. Further, the Board noted that a disagreement as to how facts were weighed or evaluated (citing *Eddy v. Brown*, 9 Vet.App. 52 (1996)) or a failure of the VA duty to assist (citing *Caffrey v. Brown*, 6 Vet.App. 377 (1994)) cannot, as a matter of law, form a basis for a CUE claim.

Here on appeal, Mr. Andre, through the same counsel, now argues that CUE was committed in the 1973 RO decision because the RO failed to apply VA regulations found at 38 C.F.R. § 3.303(b) and (d) (principles on chronicity and continuity and post-service initial diagnoses) and 38 C.F.R. § 3.304(b) (application of the presumption of soundness) in its adjudication. The Secretary asserts that the Court should (1) dismiss the claim as a matter of law because the June 1973 RO decision was subsumed by the May 1978 Board decision and is, therefore, immune from collateral attack; (2) affirm the decision as a matter of law because CUE cannot be based on an allegation of a breach of the duty to assist or disagreement with how the evidence was weighed; (3) hold the original CUE claim as abandoned for failure to address that claim on appeal and dismiss for lack of jurisdiction the new claim of CUE raised first before this Court; or (4) affirm the Board decision because its conclusion was not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 38 U.S.C. § 7261(a)(3)(A)).

First, it is noted that Mr. Andre does not raise in his principal brief on appeal the specific CUE claims addressed by the Board. Therefore, the Court deems appealable issues on those CUE claims to be abandoned, and the Board's decision will therefore be affirmed. *See Ford v. Gober*, 10 Vet.App. 531 (1997) (issues and claims not pursued on appeal are considered abandoned); *Bucklinger v. Brown*, 5 Vet.App. 435 (1993). This action, however, will not complete the Court's review. Generally, the Court has jurisdiction over final Board decisions concerning matters derived from a jurisdiction-conferring NOD. *See* Veterans' Judicial Review Act (VJRA), Pub. L. No. 100-687, § 402, 102 Stat. 4105, 4122 (1988) (found at 38 U.S.C. § 7251 note) (limiting Court's jurisdiction to specified issues in valid NOD filed with RO or other agency of original jurisdiction

on or after November 18, 1988); *see generally Collaro v. West*, 136 F.3d 1304, 1308-09 (Fed. Cir. 1998) (concluding that broad NOD conferred jurisdiction over radix of issues within); *Ledford v. West*, 136 F.3d 776, 780 (Fed. Cir. 1998) (holding that NOD specifically identified and thus limited jurisdiction to issue identified). A jurisdiction-conferring NOD must be examined closely to determine which claims and issues may properly be presented on appeal. *See Collaro* and *Ledford*, both *supra.* These claims and accompanying issues must be addressed by the Board and a final decision made thereon. *See* 38 U.S.C. §§ 7252(a), 7266(a)(1) (Court reviews final decisions of Board); *but see In re Fee Agreement of Smith*, 10 Vet.App. 311, 314 (1997) (holding that failure of BVA to adjudicate claim before it constitutes denial of that claim for purposes of determining if attorney may lawfully be paid fee for representing claimant in VA adjudication process). Thus, this Court's jurisdiction to review a CUE claim is based on the "unassailable premise that we do not have jurisdiction to review [it] unless it has been previously adjudicated by the Board." *Sondel v. Brown*, 6 Vet.App. 218 (1994). Further, *Sondel* also instructs:

> [A] claimant may not raise for the first time a specific CUE claim before this Court; such a request is for de novo review "over decisions that are not within our jurisdiction." . . . If . . . the appellant has failed to raise the specific issue before the Board, the appeal must be dismissed as to that issue because it is improperly and improvidently raised for the first time before this Court.

*Sondel,* 6 Vet.App. at 220*; see* 38 U.S.C. § 7105(d)(3) ("Claimant should set out specific allegations of error in fact and law, such allegations related to specific items in the statement of the case"); 38 C.F.R. § 20.202 (1999). Moreover, the *Sondel* Court observed:

> [T]here must be some indication in an appellant's Substantive Appeal, other documents, or oral testimony that he wishes to raise a particular issue before the Board. The indication need not be express or highly detailed; it must only reasonably raise the issue. 38 C.F.R. § 20.202.

*Sondel,* 6 Vet.App. at 220. In *Maggitt v. West*, 202 F.3d 1370 (Fed. Cir. 2000), the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) held that "a broad NOD . . . may confer jurisdiction over the entire request for a benefits entitlement." *Id*. at 1375. This would include particular arguments advanced in support of a *particular* benefit request where the Court *does* possess jurisdiction over that benefit request. *Id*. However, a CUE claim is "a collateral attack on a final RO decision" and must be alleged with specificity. *See Donovan v. Gober*, 10 Vet.App. 404, 407 (1997), *aff'd sub nom. Donovan v. West*, 158 F.3d 1377 (Fed. Cir. 1998), *cert. denied*, 119 S.Ct. 1255 (1999); *Phillips v. Brown*, 10 Vet.App. 25, 31 (1997)*; see also* 38 U.S.C. § 5109A. Also, the Federal Circuit recognized the unique characteristics of CUE claims in *Haines v. West*, 154 F.3d 1298 (Fed. Cir. 1998)*, cert. denied*, 526 U.S. 1016 (1999), when it observed that 38 U.S.C. § 5109A, the statute governing CUE claims:

> [M]akes clear that a CUE claim is not a conventional appeal, but rather is a request for revision of a decision by the Secretary. It is thus a means for correction of a

clearly and unmistakably wrong decision, compared with an appeal to the Board, which permits review of decisions that, while in error, do not meet the clear and unmistakable tests. ... [I]t is apparent that a clear and unmistakable error is one that, while fundamental to the correctness of the adjudication of a claim, is one about which reasonable minds could not differ. *See, e.g., Russell v. Principi*, 3 Vet.App. 310 (1992) (en banc) (interpreting the regulation that preceded the enactment of the statute). Such an error is plainly not the usual fare of disputes concerning entitlement to benefits.

*Id*. at 1300. Because CUE claims by their very nature must allege "some degree of specificity," *Crippen v. Brown*, 9 Vet.App. 412, 420 (1996); *Fugo v. Brown*, 6 Vet.App. 40, 44 (1993) ("to raise CUE there must be some degree of specificity as to what the alleged error is and . . . persuasive reasons must be given as to why the result would have been *manifestly* different"), each specific theory underlying an attack on a final decision would necessarily constitute a separate claim. It follows that an NOD as to an RO decision on the specific CUE claim would have to embrace the specificity of the CUE allegation. *Cf. Link v. West*, 12 Vet.App. 39,44 (1998) (principle of res judicata applies to final decision on issue of CUE and "'that particular claim of [CUE] may not be raised again'" (citing *Russell, supra*). Unlike general claims adjudications, CUE adjudications do not invite a vague NOD that would allow an appellant to "cut the rough stone of his NOD to reveal the . . . radix of his issue that lay within." *Collaro,* 136 F.3d at 1309. Rather, CUE adjudications, because of their specific nature, trigger specific arguments in the NOD and specific discussion in the Board decision that then become subject to Court review. *See Maggitt* and *Collaro*, both *supra*; *Ledford,* 136 F.3d at 770-80. Here, there is neither an NOD nor a final Board decision addressing the specific CUE theory or claim now raised by Mr. Andre. Accordingly, as in *Sondel*, the Court does not have jurisdiction to address this new claim. It is improperly and improvidently raised for the first time before this Court. Therefore, the new CUE claim will be dismissed.

Second, Mr. Andre has raised an alternative argument that VA's failure to properly apply regulations violated its duty to assist him and that under *Hayre v. West*, 188 F.3d 1327 (Fed. Cir. 1999), such a violation is a grave procedural error which renders the subject 1973 claim nonfinal. Appellant's Reply Brief at 3. The Court is not persuaded by this argument. If VA failed to apply a particular regulation when adjudicating the claim, that failure could be a basis for the CUE claim that was improvidently raised before the Court. *See Damrel v. Brown*, 6 Vet.App. 242, 245 (1994) (quoting *Russell*, 3 Vet.App. at 313-14) ("statutory or regulatory provisions extant at the time were incorrectly applied"). As observed in *Simmons v. West*, 13 Vet.App. 501 (2000), the Federal Circuit's emphasis in *Hayre* on the need for VA to respond to specifically requested assistance, on the fair notice aspect, and on the particular importance of SMRs, raised the question whether the Secretary's failure to fulfill the duty to assist would, in certain circumstances, constitute so grave a procedural error as to render the subject claim nonfinal. The *Hayre* elements are not present in this case, nor has Mr. Andre demonstrated that VA violated any duty to assist that was extant at the time the RO rendered its decision. *See Simmons,* 13 Vet.App. at 508 ("in order for an appellant to prevail on a contention that a pre-VJRA claim remained open under the *Hayre* approach, the appellant must

4

first establish that a breach of an extant and applicable duty to assist occurred in connection with the adjudication of that pre-VJRA claim.")

Third, Mr. Andre's counsel raises a meritless argument that questions of CUE are questions of law and therefore a CUE claim is subject to this Court's de novo review. Appellant's Brief at 4-5. Inexplicably, he has failed to cite or attempt to distinguish the Court's precedents that have addressed the standard of review for CUE and has chosen to ignore the statutes defining this Court's review authority. Indeed, the Federal Circuit recently held that the findings of the Board must be accorded substantial deference where this Court's de novo review rests on factual matters. *Hensley v. West,* 212 F.3d 1255 (Fed. Cir. 2000). It is also noted that, in his brief, counsel argued extensively to extend *Miller v. West*, 11 Vet.App. 345 (1998), to require that clear and unmistakable evidence to rebut the presumption of soundness predate a claimant's entry into service. Rule 28(g) of the Court's Rules of Practice and Procedure (Rules) provides: "When pertinent and significant authorities come to the attention of a party after the party's brief has been filed or after oral argument but before the [Court's] decision, a party shall promptly advise the Clerk, by letter, with a copy to all other parties, setting forth the citations." U.S. VET. APP. R. 28(g). In *Harris v. West*, 203 F.3d 1347 (Fed. Cir. 2000), the Federal Circuit specifically declined to extend *Miller* as argued by counsel. The Court is confident that, having represented Mr. Harris in that case, Mr. Andre's counsel was aware of this holding, but he failed to comply with Rule 28(g). *See Penny v. Brown*, 7 Vet.App. 348, 351 (1995).

Finally, Mr. Andre's counsel's tactics of arguing what he thinks the law should be without recognizing existing precedent, diminishes his persuasiveness and his abilities to represent his client diligently. Further, it serves to expend judicial resources needlessly. Indeed, his attempts to raise for the first time new CUE claims before the Court frustrates the general pro-claimant VA process and unnecessarily delays actions on a veteran's potential claims, especially as here, where counsel has represented the veteran since at least May 1991 (*see* R. at 439) and thus before the adverse May 1995 RO decision. *See* Rule 3.3 of the MODEL RULES OF PROFESSIONAL CONDUCT) [hereinafter MODEL RULES] (1998)(made applicable to persons admitted to practice before this Court by Rule 1(b) of this Court's Rules of Admission and Practice); *see also MacWhorter v. Derwinski*, 2 Vet.App. 133, 135 (1992) ("counsel has an ethical obligation to correctly advise the Court of the facts and the law" (citing MODEL RULE 3.3)), *rescinded in part*, 2 Vet.App. 655, *appeal dismissed as moot on other grounds*, 3 Vet.App. 223 (1992) (per curiam). The Court expects that counsel will avoid repetition of similar tactics in the future.

On consideration of the foregoing, it is

ORDERED that the Board's decision is AFFIRMED. The appeal as to CUE allegations initially raised before this Court is DISMISSED.

DATED:  July 20, 2000         PER CURIAM.