UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 97-526

GARY D. BRADLEY, APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before HOLDAWAY, IVERS, and GREENE, *Judges*.

O R D E R

On June 9, 1999, this Court issued an order affirming a January 1997 decision of the Board of Veterans' Appeals (BVA or Board) which determined that the VA regional office (VARO) did not commit clear and unmistakable error (CUE) in denying the appellant's claims on eight different occasions between November 1970 and November 1982. The appellant argued for the first time on appeal to this Court a new CUE theory, namely that the Board's January 1997 decision contained CUE to the extent that the Board failed to find CUE in the VARO decisions between 1971 and 1976 for the failure of those decisions to consider total disability due to unemployability (TDIU) as a possible claim. The appellant appealed to the Federal Circuit, which remanded the case for clarification as to whether this Court found that it was jurisdictionally barred from addressing the issue presented for the first time by the appellant before us, or whether we declined to address the issue, opting instead to invoke the theory of exhaustion of remedies. While this Court's June 9, 1999, order was in error, to the extent that it affirmed the January 1997 decision of the Board rather than dismiss the case, the ultimate effect of the disposition was not in error. Therefore, we shall now dismiss the case, not under a theory of exhaustion, as contemplated by the Federal Circuit's decision which remanded the case, but rather for lack of jurisdiction over the CUE claim raised for the first time here on appeal. Such action prevents us from ever reaching the issue of exhaustion, as we would need first to have jurisdiction even to discuss the issue of exhaustion.

Before the Board, the appellant argued that the previous VARO decision contained CUE because VA failed to properly assist him in developing his claims, and failed to properly evaluate all of the evidence of record. Those CUE claims were not presented to this Court on appeal. Instead, the appellant argued for the first time before us that the same rating decisions which he argued to the Board contained CUE for failure of the duty to assist and for failure to properly evaluate, now contained CUE based on the VARO's failure to consider a possible TDIU claim based on the evidence then of record. This new CUE claim, based on a failure to address TDIU, was not raised before the Board. The Court notes that CUE claims must be alleged with "some degree of specificity." *See Crippen v. Brown*, 9 Vet.App. 412 (1996); *see also Fugo v. Brown*, 6 Vet.App. 40 (1993). In addition, each theory alleged necessarily constitutes a separate claim. *Andre v. West*, 14 Vet.App. 7, 10 (2000).

Because the appellant did not raise in his brief on appeal the specific CUE claims presented to, and addressed by the Board, but rather focused solely on a new CUE claim, those CUE claims which were presented to and addressed by the Board are deemed to have been abandoned. *See Ford v. Gober*, 10 Vet.App. 531 (1997) (issues and claims not pursued on appeal are considered abandoned); *see also Bucklinger v. Brown*, 5 Vet.App. 435 (1993). As for the CUE claim that the appellant presented here on appeal, this Court is jurisdictionally barred from hearing such claims in the first instance, and therefore, we must dismiss this case accordingly.

This Court's jurisdiction to review CUE claims is based upon the "unassailable premise that we do not have jurisdiction to review [them] unless it has been previously adjudicated by the Board." *Andre, supra.* (Citing *Sondel v. Brown*, 6 Vet.App. 218 (1994)). "[A] claimant may not raise for the first time a specific CUE claim before this Court; such . . . request[s] . . . are not within our jurisdiction . . . . If . . . the appellant has failed to raise the specific issue before the Board, the appeal must be dismissed as to that issue . . . ." *Sondel,* 6 Vet.App., at 220. Accordingly, as in *Sondel*, this Court will dismiss the new CUE claim as it is improperly and improvidently raised for the first time before this Court.

Upon consideration of the foregoing, it

ORDERED that the Secretary's motion is granted, and the case DISMISSED for lack of jurisdiction.

DATED:   January 29, 2001                                          PER CURIAM.