NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-7020

LARRY W. STIGALL,

Claimant-Appellant,

v.

R. JAMES NICHOLSON,
Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED: May 20, 2005

_____

Before NEWMAN, SCHALL, and DYK, Circuit Judges.

PER CURIAM.

Larry W. Stigall seeks review of the decision of the United States Court of Appeals for Veterans Claims, Docket No. 01-934,[1] dismissing his appeal from a decision of the Board of Veterans Appeals. We affirm.

BACKGROUND

---

1    Stigall v. Principi, No. 01-934 (Vet. App. July 14, 2004).

Mr. Stigall served on active duty from July 1968 to July 1971, with service in Vietnam. In October 1981 he was diagnosed with chronic severe post-traumatic stress disorder ("PSTD") by Dr. Stew Brown, Ph.D., a Veterans Affairs ("VA") examiner. After clarification was requested by the VA, Dr. Brown stated that Mr. Stigall had psychological problems beyond the parameters of the PSTD diagnosis. In April 1983 the regional office awarded service connection for PSTD at a 10% disability rating, effective as of March 3, 1980.

Mr. Stigall filed a Notice of Disagreement ("NOD") contesting the 10% rating. A Statement of the Case was issued by the Veterans Administration on June 20, 1983. In July 1983 Dr. Brown wrote to the VA, stating that the VA had misstated his explanation of Mr. Stigall's condition, and requesting correction. The VA responded in January 1984, stating that Mr. Stigall would have to file a substantive appeal to the Board of Veterans Appeals ("the Board") to pursue disagreement with the 10% rating. In June 1984 the Department of Veterans Affairs received correspondence from Mr. Stigall stating that he was unaware that his appeal to the Board had not been perfected, and that he had been involved in an accident that had restricted his ability to function.

After various additional procedures, the regional office in May 1989 increased the 10% rating to 30%, effective as of February 1989. Mr. Stigall contested this rating, and on May 22, 1990 the Board denied entitlement to a rating greater than 30%. In May 1991 Mr. Stigall submitted a claim to increase the rating, and was duly granted a 100% rating effective May 1991.

In July 1998, Mr. Stigall submitted a document to the VA claiming clear and unmistakable error ("CUE") in the effective date, stating that he was entitled to a date of

March 3, 1980 for the 100% rating. On August 2, 1999, the regional office found that there was not CUE in its April 1983 decision to award a 10% rating effective March 3, 1980. Mr. Stigall appealed, and the Board determined that there was no CUE in the April 1983 regional office decision.

On appeal to the Court of Appeals for Veterans Claims, Mr. Stigall did not argue that the April 1983 regional office decision contained CUE, and instead alleged CUE in the June 1983 Statement of the Case, relying on a reference to that Statement in his July 1998 CUE filing. The Court of Appeals for Veterans Claims found that Mr. Stigall had not asserted CUE regarding the June 1983 Statement of the Case in any appeal to the Board, and ruled that this issue was not properly before the Court of Appeals for Veterans Claims. The court dismissed the appeal. This appeal followed.

DISCUSSION

In reviewing decisions of the Court of Appeals for Veterans Claims, the Federal Circuit "shall hold unlawful and set aside" any regulation or interpretation thereof that the court finds to be: "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." 38 U.S.C. §7292(d)(1). However, except to the extent that an appeal presents a constitutional issue, this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." §7292(d)(2). The Federal Circuit's jurisdiction thus extends to "(1) issues concerning the validity of statutes or regulations on which the decision of the Court of Appeals for Veterans Claims depended; (2) issues of interpretation

if the Court of Appeals for Veterans Claims elaborated the meaning of a statute or regulation and the decision depended on that interpretation; (3) issues of validity or interpretation raised before the Court of Appeals for Veterans Claims but not explicitly decided, if the decision would have been altered by adopting the position that was urged; and (4) other 'relevant' questions of law." Forshey v. Principi, 284 F.3d 1335, 1338 (Fed. Cir. 2002) (*en banc*).

Mr. Stigall states that the Court of Appeals for Veterans Claims failed to obtain a full picture of his medical history from the time of his military service to the present. These aspects are entirely factual and cannot be reviewed by this court. See Helfer v. West, 174 F.3d 1332, 1335-36 (Fed. Cir. 1999) (the court has no jurisdiction to review factual determinations not raising constitutional issues).

Mr. Stigall cites 38 C.F.R. §19.31 and 38 U.S.C. §7105(d)(3) in his informal brief, but offers no explanation of their relevance to the Court of Appeals for Veterans Claims decision. Regulation §19.31 describes the circumstances in which a supplemental Statement of the Case is to be issued to a veteran. 38 U.S.C. §7105(d)(3) requires an agency to provide a Statement of the Case to a claimant who has filed a NOD concerning a decision of the agency. We discern no interpretation of these provisions in the Court of Appeals for Veterans Claims decision. Their application to the facts of Mr. Stigall's case is not subject to our review.

Mr. Stigall alleges error of law in the Court of Appeals for Veterans Claims' failure to review the asserted CUE in the June 20, 1983 Statement of the Case, the court stating that he had not raised this issue with the Board and therefore it would not be considered by the court. We agree with Mr. Stigall that the Court of Appeals for Veterans Claims'

interpretation of its fundamental appellate procedures, as set forth in its enabling statute and regulations, are reviewable under 38 U.S.C. §7292(d)(1).

The Court of Appeals for Veterans Claims declined to decide the issue of CUE in the June 20, 1983 decision, stating that only the charge of error in the April 1983 decision had been raised in his CUE motion. In interpreting Mr. Stigall's CUE motion, the Court of Appeals for Veterans Claims acknowledged that a veteran's argument must be read sympathetically, but stated that allegations of CUE under §5109A and §3.105(a) must be made with specificity. See 38 U.S.C. §5109A (revision of prior decision requires showing of clear and unmistakable error); 38 C.F.R. §3.105(a); Andre v. West, 14 Vet. App. 7, 10 (2000) (allegations of CUE must be made with specificity). The Court of Appeals for Veterans Claims thus interpreted §5109A and §3.105(a) as requiring that a CUE pleading consist of something more than the mere mention of a particular decision to which the veteran objects. This interpretation is supported by codification of the CUE standard at 38 U.S.C. §5109A. See S. Rep. No. 157, 105th Cong. at 3 (1997) (citing favorably Court of Appeals for Veterans Claims' heightened pleading requirement for CUE); H.R. Rep. No. 52, 105th Cong. at 3 (1997) (same). It is also consistent with case law. See Bustos v. West, 179 F.3d 1378, 1381 (Fed. Cir. 1999) (the "codification of CUE by Congress lends further support to the argument that the [Court of Appeals for Veterans Claims'] interpretation of CUE was an appropriate reflection of how Congress intended the veteran's benefits scheme to function."); Haines v. West, 154 F.3d 1298, 1300 (Fed. Cir. 1998) ("This statute makes clear that a CUE claim is not a conventional appeal, but rather is a request for revision of a decision by the Secretary. It is thus a means for correction of a clearly and

05-7020                                    5

unmistakably wrong decision, compared with an appeal to the Board, which permits review of decisions that, while in error, do not meet the clear and unmistakable tests.").

We conclude that there is no error in the Court of Appeals for Veterans Claims' interpretation of statute or regulation. No constitutional issues are present. Accordingly, the judgment of the Court of Appeals for Veterans Claims is affirmed.

No costs.