Citation Nr: 1826256 
Decision Date: 04/30/18 Archive Date: 05/07/18

DOCKET NO. 13-27 654 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Roanoke, Virginia


THE ISSUES

1. Entitlement to an effective date earlier than June 30, 2011 for the grant of service connection for bilateral shin splints, to include on the basis of clear and unmistakable error (CUE).

2. Entitlement to a compensable rating for bilateral shin splints prior to December 13, 2013 and an evaluation in excess of 10 percent thereafter.

3. Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU).


ATTORNEY FOR THE BOARD

A. Snoparsky, Associate Counsel




INTRODUCTION

The Veteran served on active duty in the United States Marine Corps from March 1975 to November 1977.

This matter is before the Board of Veterans' Appeals (Board) on appeal from a February 2012 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Roanoke, Virginia.

This matter was previously before the Board in July 2017 and was remanded for the RO to adjudicate the matter of CUE. The issue was subsequently adjudicated by the RO in a December 2017 rating decision.

The issues of an increased rating for bilateral shin splints and TDIU are addressed in the REMAND portion of the decision below and are REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDING OF FACT

The record shows that a previous denial for service connection for bilateral shin splints was final and that there is no clear and unmistakable error. 


CONCLUSION OF LAW

The criteria for an effective date earlier than June 30, 2011, for the grant of service connection for bilateral shin splints, to include on the basis of CUE, have not been met. 38 U.S.C, § 5101, 5110 (2012); 38 C.F.R. §§ 3.105, 3.400 (2017).





REASONS AND BASES FOR FINDING AND CONCLUSION

In general, the effective date of an award based on an original claim or a claim reopened after final adjudication of compensation shall be fixed in accordance with the facts found, but shall not be earlier than the date of the receipt of the application. 38 U.S.C. § 5110 (a); 38 C.F.R. § 3.400. Generally, the effective date of an award of disability compensation based on an original claim shall be the date of receipt of the claim or the date entitlement arose, whichever is later. 38 U.S.C. § 5110 (a); 38 C.F.R. § 3.400. The effective date of an award of disability compensation based on a claim to reopen after a final disallowance shall be the date of receipt of the new claim or the date entitlement arose, whichever is later. 38 U.S.C. § 5110 (a); 38 C.F.R. § 3.400 (q)(ii)(r). The provisions of 38 C.F.R. § 3.400 (b)(2) allow for assignment of an effective date the day following separation from active service if a claim is received within one year after separation from service.

Any communication or action, indicating intent to apply for one or more benefits under the laws administered by VA may be considered an informal claim. Such informal claim must identify the benefit sought. Upon receipt of an informal claim, if a formal claim has not been filed, an application form will be forwarded to the veteran for execution. 38 C.F.R. § 3.155 (a).

Rating actions are final and binding based on evidence on file at the time the veteran is notified of the decision and may not be revised on the same factual basis except by a duly constituted appellate authority. 38 C.F.R. § 3.104(a). From the date of notification of an AOJ decision, the veteran has one year to initiate an appeal by filing a notice of disagreement with the decision, and the decision becomes final if an appeal is not perfected within the allowed time period. 38 U.S.C. § 7105(b) and (c); 38 C.F.R. §§ 3.160(d), 20.200, 20.201, 20.202, and 20.302(a). 

The Veteran first submitted his claim for service connection for bilateral shin splints on December 7, 1993. The Veteran's claim was denied in September 1994 and again in a June 17, 1995 rating decision, neither of which the Veteran appealed. The Veteran refiled a claim for his bilateral shin splints which was received on June 30, 2011 and was granted service-connection for bilateral shin splints in a February 2, 2012 rating decision, which granted entitlement effective June 30, 2011, the date the Veteran's second claim was received. 

The Veteran asserts that his effective date for his bilateral shin splints should be the date of his original claim in December 1993. However, the Board finds that because the Veteran did not enter a timely notice of disagreement with the June 1995 rating decision or submit new evidence with regard to the effective date within one year of that decision, the June 1995 decision became a final decision. Therefore, the original claim submitted in December 1993 cannot be the basis for an earlier effective date. 38 U.S.C. § 7105; 38 C.F.R. § 20.1103 .

The Veteran separated from service in November 1977. Under 38 C.F.R. §3.400 for direct service connection, the effective date is the day following separation from active service or the date entitlement arose if the claim is received within one year after separation from service. However, the Veteran did not file his claim within one year of separation from service. Therefore, the effective date for his bilateral shin splints claim remains the date of receipt of the claim or the date entitlement arose, whichever is later. 

Because the Veteran did not submit a timely appeal of the June 1995 rating decision and did not submit his claim within one year of his separation from service, only a finding of clear and unmistakable error (CUE) could enable an earlier effective date. In this regard, clear and unmistakable error is a very specific and rare kind of error. It is the kind of error, of fact or of law, that when called to the attention of later reviewers compels the conclusion, to which reasonable minds could not differ, that the results would have been manifestly different but for the error. See Bustos v. West, 179 F.3d 1378, 1380-81 (Fed. Cir. 1999) (holding that in order to prove the existence of clear and unmistakable error, a veteran must show that an error occurred that was outcome-determinative, that is, an error that would manifestly have changed the outcome of the prior decision); Hines v. Principi, 18 Vet. App. 227, 235 (2004). 

In Russell v. Principi, 3 Vet. App. 310 (1992), the Court set forth a three-pronged test for determining when there is clear and unmistakable error present in a prior rating decision. These are (1) either the correct facts, as they were known at the time, were not before the adjudicator (i.e., more than a simple disagreement as to how the facts were weighed or evaluated) or the statutory or regulatory provisions extant at the time were incorrectly applied; (2) the error must be undebatable and of the sort which, had it not been made, would have manifestly changed the outcome at the time it was made; and (3) a determination that there was clear and unmistakable error must be based on the record and law that existed at the time of the prior adjudication in question. It is further noted that any claim of CUE must be pled with specificity. Andre v. West, 14 Vet. App. 7, 10 (2000) (per curium), aff'd sub nom., Andre v. Principi, 301 F.3d 1354 (Fed. Cir. 2002). Specifically, when attempting to raise a claim of CUE, a veteran must identify a particular rating decision and describe the alleged error in fact or law with some degree of specificity, and provide persuasive reasons as to why the result would have been manifestly different but for the alleged error. See Fugo v. Brown, 6 Vet. App. 40, 43-4 (1993).

In this case, in his September 2013 substantive appeal, the Veteran alleges clear and unmistakable error in that the service records used in the February 2012 rating decision were available to VA at the time of the Veteran's previously denied claim and should have been used as evidence in that decision to service connect the Veteran's bilateral shin splints. The Veteran alleged if this had happened, the outcome of his first claim would have been manifestly different. However, in the September 1994 rating decision which first denied service connection for bilateral shin splints, the Veteran's service treatment records (STRs) were listed as evidence having been considered and the decision stated the STRs were reviewed and considered. The September 1994 rating decision denied the Veteran's claim. The subsequent June 1995 rating decision for service connection for bilateral shin splints confirmed the previous denial. Therefore, while the Veteran contends the CUE was that VA did not consider the Veteran's STRs in their previous rating decision, the evidence (See September 1994 rating decision) shows those records were considered in the denial of the Veteran's claim for service connection for bilateral shin splints. Therefore, a grant of service connection on the basis of CUE must be denied.

While sympathetic to the Veteran's belief that an earlier effective date is warranted, for the reasons outlined above, the Board is precluded by law from assigning an effective date prior to June 30, 2011 for the grant of service connection for bilateral shin splints. Therefore, the claim must be denied.

The Board has considered the applicability of the benefit of the doubt doctrine. Because the preponderance of the evidence is against the Veteran's claim, the benefit of the doubt doctrine does not apply. See 38 U.S.C. §5107(b); Gilbert v. Derwinski, 1 Vet. App. 49, 55-57(1990).

Lastly, the Veteran has not raised any other issues, nor have any other issues been reasonably raised by the record. See Doucette v. Shulkin, 28 Vet. App. 366 (2017) (confirming that the Board is not required to address issues unless they are specifically raised by the veteran or reasonably raised by the evidence of record). 

ORDER

Entitlement to an earlier effective date for bilateral shin splints prior to June 30, 2011 is denied.


REMAND

The Veteran is claiming his bilateral shin splints are worse than his assigned ratings provide. 

The Veteran has stated he suffers flare-ups of his shin splints. (See December 2013 examination.) However, no examiner has explained the Veteran's loss of use during flare-ups. A recent Court decision addressed what constitutes an adequate explanation for an examiner's inability to estimate motion loss in terms of degrees during periods of flare-ups. Sharp v. Shulkin, No. 16-1385 (Vet. App. Sept. 6, 2017). In Sharp, the Court held that a VA examiner must attempt to elicit information from the record and the Veteran regarding the severity, frequency, duration, or functional loss manifestations during flare-ups before determining that an estimate of motion loss in terms of degrees could not be given. It also held that any inability to furnish such an estimate must be predicated on a lack of medical knowledge among the medical community at large, rather than insufficient knowledge by the individual examiner. Id. Because the December 2013 examiner did not offer such an opinion, the examination is inadequate and a new examination is required. Sharp v. Shulkin, 29 Vet. App. 26, 32 (2017).

Additionally, the issue of entitlement to a TDIU must be deferred pending development of the Veteran's claim for an increased rating of his bilateral shin splints. See Harris v. Derwinski, 1 Vet. App. 180 (1990). 

Accordingly, the case is REMANDED for the following action:

1. The AOJ should obtain any of the Veteran's outstanding medical records and associate them with the claims file.

If possible, the Veteran himself should submit any pertinent new evidence regarding the condition at issue in order to expedite the claim.

2. After completing the above development and all outstanding records have been associated with the claims file, the Veteran should be afforded an appropriate VA examination in order to determine the current severity of his bilateral shin splints. The record, to include a copy of this Remand, must be made available to and be reviewed by the examiner. 

(a) The examiner must estimate any functional loss in terms of additional degrees of limited motion of the Veteran's bilateral shins experienced during flare-ups and repetitive use over time. If the examiner cannot provide the above-requested opinion without resorting to speculation, s/he should state whether all procurable medical evidence has been considered, to specifically include the Veteran's description as to the severity, frequency, duration of the flare-ups and his description as to the extent of functional loss during a flare-up and after repetitive use over time; whether the inability is due to the limits of medical community or the limits of the examiner's medical knowledge; and whether there is additional evidence, which if obtained, would permit the opinion to be provided.

The examiner should provide a complete rationale for any opinion provided.

3. Following the rating of the Veteran's bilateral shin splints, readjudicate the claim for entitlement to a TDIU.

4. If any benefit sought remains denied, provide a supplemental statement of the case to the Veteran and to his representative, and allow for an adequate period of time for response. 

Thereafter, return the appeal to the Board for review, if necessary.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).



JOHN J. CROWLEY
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs