﻿Citation Nr: AXXXXXXXX
Decision Date: 07/31/20 Archive Date: 07/31/20

DOCKET NO. 191014-38997
DATE: July 31, 2020

ORDER

An effective date earlier than November 23, 2016 for the assignment of a total rating based on individual unemployability (TDIU) is denied.

FINDING OF FACT

The Veteran’s claim for TDIU was received on November 23, 2016. 

CONCLUSION OF LAW

The criteria for an effective date earlier than November 23, 2016 for the grant of TDIU are not met. 38 U.S.C. §§ 5103, 5103A, 5107, 5108, and 5110 (West 2014); 38 C.F.R. §§ 3.156 3.157, 3.158, 3.160, 3.400, 4.16 (2019). 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had active duty service from May 1966 to May 1968. 

The Veteran has selected direct review of this matter under the Appeals Modernization Act (2019) (“AMA”). 84 Fed. Reg. 138, Pub. L. No. 115-55, § 5104 (to be codified as amended in 38 U.S.C.), 131 Stat. 1105 (2017). 

The Veteran is seeking review of a September 25, 2019 rating decision which assigned an effective date of November 23, 2016 for the granting of TDIU. The Agency of Original Jurisdiction (AOJ) assigned the effective date based on its receipt of the Veteran’s informal claim for the benefit. The Veteran submitted a formal claim for the benefit on February 15, 2017. 

The Veteran’s original claim of service connection for PTSD was denied in August 1985 and not appealed. In January 2009, the Veteran sought to reopen his claim. Both reopening and service connection were granted in a March 2010 rating decision. 

Although a 30 percent evaluation was assigned, the Veteran submitted a notice of disagreement (NOD) as to the assigned rating, and specifically argued that his disorder warranted the assignment of a 50 percent rating. In May 2010, the Veteran’s PTSD was granted a 50 percent rating, effective January 29, 2009 because it was the date of receipt of the reopened claim. As the Veteran specifically requested the assigned rating, the granting was a full grant of the benefits sought. Cf. AB v. Brown, 6 Vet. App. 35 (1993).

In July 2010, the Veteran sought an earlier effective date for the award of service connection for PTSD. An earlier effective date for the granting of service connection for PTSD was denied by the AOJ in March 2010. Both the Board of Veterans’ Appeals (Board) and the U.S. Court of Appeals for Veterans Claims (Court) denied the Veteran’s appeal for an earlier effective date of service connection in April 2013 and August 2014, respectively. 

In December 2015, the AOJ received the Veteran’s application for an increased rating for PTSD. However, in February 2016, the Veteran withdrew his application for an increased rating. 

As noted, on November 23, 2016, the Veteran apparently filed an informal claim for TDIU. His formal claim was received in February 2017 and denied in June 2017. In its July 2017 letter advising the Veteran of the denial of his TDIU claim, the AOJ also advised the Veteran that it had denied an increased rating for PTSD. The Veteran filed an NOD in August 2017, limiting his disagreement to the AOJ’s denial of TDIU and his appeal as to that issue continued. His combined service-connected disability rating was then 60 percent, comprised of the 50 percent rating for PTSD and a 10 percent rating for tinnitus. 

In June 2019, the Board granted TDIU on an extraschedular basis. It noted that it reviewed the record as to whether the Veteran would be eligible for a TDIU “for the entire period on appeal.” Board decision, page 4. 

In part, the Board noted that the Veteran’s combined service-connected disability rating did not meet the objective criteria as specified in 38 C.F.R. § 4.16(a) (providing for TDIU consideration when the schedular rating is less than 100 percent and disabled person is, in the judgment of the rating agency, unable to secure or follow a substantially gainful occupation as a result of one or more service-connected disabilities. If unemployability is claimed as a result of only one service-connected disability, it must be rated at 60 percent or more. If it is a result of two or more disabilities, at least one disability must be rated at 40 percent or more, with at least another sufficient disability to bring the combined rating to 70 percent or more). 

Instead, the Board granted TDIU based on the subjective standards of 38 C.F.R. § 4.16(b) ((providing in part that all Veterans who are unable to secure and follow a substantially gainful occupation by reason of service-connected disabilities shall be rated totally disabled. Therefore, rating boards should submit to the Director, Compensation Service, for extra-schedular consideration all cases of Veterans who are unemployable by reason of service-connected disabilities, but who fail to meet the percentage standards set forth in § 4.16(a)). 

In June 2019, the AOJ assigned an effective date of November 23, 2016 as representative of the date of the Veteran’s informal claim. 

The appellate period in this matter therefore begins on November 23, 2016. Although the Veteran through counsel argues that the assigned effective date for TDIU should be January 29, 2009, which resulted in the March 2010 rating decision, he has proffered no legal basis upon which to do so and the appeal will be dismissed. 

Generally, the effective date of an award of compensation based on an original claim, a claim reopened after final disallowance, or a claim for increase is either the day following separation from active service or the date entitlement arose if the claim is received within one year after separation from service; otherwise, it will be the date of receipt of the claim or date entitlement arose, whichever is later. 38 U.S.C. § 5110 ; 38 C.F.R. § 3.400 (b).

The Veteran’s assertion is a freestanding assertion for an earlier effective date for TDIU, because he essentially seeks to overcome the finality of the March 2010 rating decision. A free-standing claim is a claim for an earlier effective date that is received more than one year after the award of an increased rating for which the earlier effective date is sought. See Rudd v. Nicholson, 20 Vet. App. 296 (2006). 

However, freestanding claims of entitlement to an earlier effective date are legally precluded since final decisions cannot be revisited except under limited circumstances, among them an application arguing for revision based on clear and unmistakable error (CUE) in the otherwise final rating decision. See 38 U.S.C. § 5110; 38 C.F.R. § 3.400; Cook v. Principi, 318 F.3d 1334 (Fed. Cir. 2002) (en banc). 

CUE is a very specific and rare kind of error, and any assertion of CUE must be pled with specificity. Andre v. West, 14 Vet. App. 7, 10 (2000). Specifically, when raising CUE, the assertion must describe the alleged error in fact or law with some degree of specificity and provide persuasive reasons as to why the result would have been manifestly different but for the alleged error. See Fugo v. Brown, 6 Vet. App. 40 (1993).

A three-pronged test is used for determining whether there is CUE in a prior rating decision: (1) either the correct facts, as they were known at the time, were not before the adjudicator (i.e., more than a simple disagreement as to how the facts were weighed or evaluated) or the statutory or regulatory provisions extant at the time were incorrectly applied; (2) the error must be undebatable and of the sort which, had it not been made, would have manifestly changed the outcome at the time it was made; and (3) a determination that there was CUE must be based on the record and law that existed at the time of the prior adjudication in question. Russell v. Principi, 3 Vet. App. 310 (1992).

The Veteran has not made any such allegations supporting an assertion of CUE to revise the attack the March 2010 rating decision, such that an effective date of January 29, 2009 for TDIU could be assigned. 

Such freestanding claims are subject to dismissal and the Veteran’s appeal is therefore dismissed. Rudd at 300; Simmons v. Principi, 17 Vet. App. 104 (2003).

 

 

 

Vito A. Clementi

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J. Wozniak, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.