﻿Citation Nr: AXXXXXXXX
Decision Date: 01/29/21 Archive Date: 01/29/21

DOCKET NO. 200224-80087
DATE: January 29, 2021

ORDER

The Veteran’s motion for revision of the effective date for the grant of service connection for posttraumatic stress disorder (PTSD) based upon clear and unmistakable error (CUE) is dismissed without prejudice.

The Veteran’s motion for revision of the effective date for the grant of service connection for GERD on the basis of CUE is dismissed without prejudice.

Entitlement to service connection for obstructive sleep apnea, claimed as secondary to PTSD, is denied.

FINDINGS OF FACT

1. The Veteran has not pled CUE with the specificity required by law in regard to the February 1998 rating decision denying service connection for depression.

2. The Veteran has not pled CUE with the specificity required by law in regard to the February 1998 rating decision denying service connection for a stomach condition.

3. The Veteran’s sleep apnea is not caused or aggravated by his service-connected PTSD.

CONCLUSIONS OF LAW

1. The criteria for a sufficiently pled petition for revision of the effective date for the grant of service connection for PTSD based upon CUE in a final rating decision are not met. 38 U.S.C. § 5109A; 38 C.F.R. § 3.105 (a).

2. The criteria for a sufficiently pled petition for revision of the effective date for the grant of service connection for GERD based upon CUE in a final rating decision are not met. 38 U.S.C. § 5109A; 38 C.F.R. § 3.105 (a).

3. The criteria for service connection for sleep apnea are not met. 38 U.S.C. §§ 1110, 1131, 5103, 5103A, 5107; 38 C.F.R. §§ 3.303, 3.310.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from February 1974 to February 1976 and from July 1977 to August 1997. 

A rating decision was issued under the legacy system in February 2019 and the Veteran submitted a timely notice of disagreement. In February 2020 the agency of original jurisdiction (AOJ) issued a statement of the case (SOC). The Veteran opted the claims into the modernized review system, also known as the Appeals Modernization Act (AMA), by submitting a February 2020 VA Form 10182, Decision Review Request: Board Appeal, identifying the February 2020 SOC. Therefore, the February 2020 SOC is the decision on appeal. 

Earlier Effective Dates-PTSD and GERD

The Veteran was originally denied service connection for depression and a stomach condition in a February 1998 Rating Decision, as an October 1997 VA examination conducted in conjunction with the claim found no diagnosis of a psychiatric disorder, and that, while the Veteran suffered from dyspepsia, he got temporary relief from antacids and his examination was within normal limits. The Veteran did not submit a Notice of Disagreement, nor was new and material evidence received, within one year of the decision, thus it became final. 

On July 8, 2016, VA received the Veteran’s claim to reopen service connection for an acquired psychiatric disorder, claimed as depression and PTSD, and a stomach condition, claimed as gastritis with burning pain and dyspepsia.

In February 2017, the RO granted service connection for PTSD with an effective date of July 8, 2016, on the basis of a January 2017 VA examination showing a current diagnosis of PTSD and relating it to service. The Veteran did not submit a Notice of Disagreement, nor was new and material evidence received, within one year of the decision, thus it became final. 

In August 2017, the RO granted service connection for GERD with an effective date of July 8, 2016, on the basis of an April 2017 VA examination showing a current diagnosis of GERD and relating it to service.

In May 2018, the Veteran submitted a Notice of Disagreement (NOD) stating that he was “filing a motion in request for revision premised on CUE” for not granting service connection for depression and dyspepsia, denied in February 1998, and indicating disagreement with the effective date assigned for his PTSD and GERD. While it appears from this correspondence and the record generally that the Veteran intended to file a CUE claim (in an effort to obtain earlier effective dates for his service-connected PTSD and GERD), rather than an NOD with the effective dates assigned for PTSD and GERD, and, because the AOJ adjudicated both whether CUE was present and whether an earlier effective date was warranted, the Board will address both.

As the May 2018 NOD was received within one year of the August 2017 Rating Decision, the Board notes that such decision, which related to the effective date assigned for the Veteran’s GERD, is not final.

However, as indicated above, this is outside of the one-year period for the February 2017 Rating Decision, which pertains to the effective date assigned for the Veteran’s PTSD.

An unappealed RO rating decision is final, and may not be revised based on the evidence of record at the time of the decision unless it is shown that the decision involved CUE. 38 U.S.C. § 7105.

In Rudd v. Nicholson, 20 Vet. App. 296, 299-300 (2006), the Court held that once a rating decision that establishes an effective date for an award becomes final, the only way that such a decision can be revised is if it contains CUE. The Court noted that any other result would vitiate the rule of finality. In other words, the Court found that there is no valid freestanding claim for an earlier effective date. The Court held that if a freestanding claim for an earlier effective date is raised, an appeal in the matter should be dismissed. Thus, regarding the Veteran’s PTSD claim, the Board is unable to recharacterize and adjudicate the issue on appeal as a claim for an earlier effective date on any basis other than a showing of CUE in a prior decision, discussed further below.

GERD

Except as otherwise provided, the effective date of an evaluation and award of compensation based on an original claim or a claim reopened after final disallowance will be the date of receipt of the claim or the date entitlement arose, whichever is later. 38 U.S.C.§ 5110; 38 C.F.R. § 3.400.

There is no provision in either the statute or the regulations that allows for an earlier effective date based on a reopened claim unless a clear and unmistakable error was committed in a prior decision, or unless the new and material evidence resulted from receipt of additional relevant military records. See 38 U.S.C. § 5110 (i); 38 C.F.R. §§ 3.105, 3.156(c).

Here, the February 1998 Rating Decision stated that the Veteran’s service medical records, from February 1974 to August 1997 were of record at the time of the decision, and no additional relevant military records have been received since that time, such that reconsideration under § 3.156(c) is inapplicable.

Given the finality of the February 1998 Rating Decision, the effective date of the grant of service connection cannot, by regulation, be earlier than the date of the Veteran’s new claim for the benefit filed after the last, final disallowance of his earlier claim. See 38 U.S.C. § 5110 (a); 38 C.F.R. § 3.400 (q)(1)(ii).

The Veteran’s assigned effective date of July 8, 2016, for his GERD is the date his claim to reopen was received, such that an earlier date is not warranted, unless CUE is shown, as the Veteran has alleged. 

CUE

Where CUE is found in a prior RO decision, the prior decision will be reversed or revised. For the purpose of authorizing benefits, reversal or revision of the prior decision on the grounds of CUE has the same effect as if the correct decision had been made on the date of the prior decision. 38 U.S.C. § 5109A; 38 C.F.R. § 3.105 (a).

CUE is a very specific and rare kind of error; it is the kind of error, of fact or law, that when called to the attention of later reviewers compels the conclusion, to which reasonable minds could not differ, that the result would have been manifestly different but for the error. To find CUE, the correct facts, as they were known at the time, must not have been before the adjudicator (a simple disagreement as to how the facts were weighed or evaluated will not suffice) or the law in effect at that time was incorrectly applied; the error must be undebatable and of a sort which, had it not been made, would have manifestly changed the outcome at the time it was made; and the determination of CUE must be based on the record and law that existed at the time of the prior adjudication. Allegations that previous adjudications have improperly weighed and evaluated the evidence can never rise to the stringent definition of CUE. See 38 U.S.C. § 5109A; 38 C.F.R. § 3.105 (a); Pierce v. Principi, 240 F.3d 1348 (Fed. Cir. 2001); Damrel v. Brown, 6 Vet. App. 242 (1994); Fugo v. Brown, 6 Vet. App. 40 (1993).

Any claim of CUE must be pled with specificity. Andre v. West, 14 Vet. App. 7, 10 (2000) (per curium), aff’d sub nom., Andre v. Principi, 301 F.3d 1354 (Fed. Cir. 2002). Specifically, when attempting to raise a claim of CUE, a veteran must identify a particular rating decision and describe the alleged error in fact or law with some degree of specificity, and provide persuasive reasons as to why the result would have been manifestly different but for the alleged error. See Fugo v. Brown, 6 Vet. App. 40, 43-4 (1993).

Here, the Veteran has alleged CUE, stating that, “The courts have allowed CUE claims based on VA’s failure to ‘fully and sympathetically develop a veteran’s claim to it optimum. Moody v. Principi, 360 F.3d 1306 (Fed. Cir. 2004). This means that the VA must ‘give a sympathetic reading to the veteran’s filings by determining all potential claims raised by the evidence, applying all relevant laws and regulations.’ Moody 360 F.3d at 1310.”

From this, the Board interprets that the Veteran believes his claims were not fully developed and adequately considered.

However, the Board finds that the Veteran has not stated with the requisite specificity the possibility that there was CUE in the February 1998 RO decision. See Simmons v. Principi, 17 Vet. App. 104 (2003) (To the effect that if the Veteran is only asserting disagreement with how VA evaluated the facts before it, the claim should be dismissed without prejudice because of the absence of legal merit or lack of entitlement under the law); see also Phillips v. Brown, 10 Vet. App. 25 (1997) (distinguishing the denial of a CUE claim, due to a pleading deficiency, and the denial of a CUE on the merits).

The Board must conclude that the Veteran has not presented a claim of clear and unmistakable error under 38 C.F.R. § 3.105 (a). That is not to say that the Veteran cannot, in the future, present a claim that there was CUE under 38 C.F.R. § 3.105 (a) in the February 1998 RO rating decision. The Board merely determines that, as a matter of law, he has yet to do so as of this time.

Accordingly, the motion for revision of the February 1998 Rating Decision, as it pertains to the denial of service connection for depression and a stomach condition, is dismissed without prejudice.

Sleep Apnea

Here, the Veteran contends that his currently diagnosed sleep apnea is secondary to his service-connected PTSD.

The issue of entitlement to service connection for sleep apnea was previously denied in a February 2017 Rating Decision. No appeal was taken from the determination and new and material evidence was not received within the appeal period. As such, the determination is final. 38 U.S.C. § 7105. In the February 2020 SOC the AOJ found that new and material evidence had been submitted to warrant reopening the claim for service connection for sleep apnea. The Board will bind itself by this favorable finding, as the evidentiary standard for new and relevant evidence, required by AMA, is a lower barrier to readjudication than new and material evidence, and has recharacterized the issue accordingly. 

Service connection may be granted on a secondary basis for disability which is proximately due to or the result of service-connected disease or injury, or for additional disability resulting from the aggravation of a nonservice-connected disability by a service-connected disability. Allen v. Brown, 7 Vet. App. 439, 448 (1995) (en banc); 38 C.F.R. § 3.310.

Here, service treatment records are negative for sleep-related complaints. The record reflects that the Veteran was diagnosed with sleep apnea in March 2013.

In July 2019, the Veteran underwent a VA examination for his sleep apnea. The examiner found that the Veteran’s sleep apnea was not caused or aggravated by his service-connected PTSD. She explained:

While sleep apnea and PTSD have been recognized as having an association, the medical evidence is not strong to show more than a theoretical causative link of OSA due to PTSD. It is acknowledged that there has been medical theory put forward that chronic activation of stress hormones (the HPA axis as noted in the reference) from PTSD is thought to lead to neural sensitization allowing upper airway dysfunction such as sleep apnea. This theory though does not have adequate objective medical studies to objectively support this theory. 

By this reasoning, she noted that, “while there is some evidence suggestive of a link, the evidence is not strong enough to support the veteran’s assertions” that his sleep apnea is caused or aggravated by his PTSD.

The Board accords the July 2019 VA opinion high probative value, as it was made after a review of the relevant evidence and examination of the Veteran, and contains a rationale for the conclusion reached.

In support of his appeal, the Veteran cited to a prior Board decision. However, prior Board decisions are not precedential. A Board decision as to one appellant can have no precedential weight in the decision for a different Veteran. 38 C.F.R. § 20.1303. Board decisions must be made based on the particular facts and applicable legal authority specific to the case before it. Id. 

The Board acknowledges the Veteran’s statements regarding his sleep apnea in relation to his service-connected PTSD. The Veteran is competent to report his symptoms. Nevertheless, a lay person, the Veteran does not have the training or expertise to render a competent opinion which is more probative than the VA examiner’s opinion on this issue, as this is a complex medical determination. See Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007); Barr v. Nicholson, 21 Vet. App. 303, 309 (2007); Layno v. Brown, 6 Vet. App. 465, 469-71 (1994)). 

The Board thus finds that the weight of the competent and probative evidence is against a finding of service connection for the Veteran’s sleep apnea as secondary to his service-connected PTSD. In reaching this conclusion, the Board has considered the applicability of the benefit-of-the-doubt doctrine. However, as the preponderance of the evidence is against the claim, that doctrine is not applicable. 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 54-56 (1990).

 

 

L. M. BARNARD

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A.Z., Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.